**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | |
|---|---|
| State of South Carolina, ) | |
| ) | C/A No.: 1:18-300-MBS |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Sharon Bush Ellison, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On February 2, 2018, Defendant Sharon Bush Ellison ("Defendant"), proceeding *pro se* and in forma pauperis, removed this matter from the Municipal Court for the town of Burnettown, South Carolina, pursuant to 28 U.S.C. § 1443. ECF No. 1. Defendant contests the issuance and processing of a traffic ticket. *Id.* at 2. According to Defendant, "[t]he tickets were motivated by private, parochial, and other interest of the Burnettown, Augusta, and Decatur offices or other persons of whom acted under color of law to write false reports and create false accidents because a 'close associate' has a pecuniary interest" in federal litigation. *Id.* Defendant states that she is being denied, and cannot enforce, her federal rights in South Carolina courts. *Id.* In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett.

On March 6, 2018, the Magistrate Judge issued a Report and Recommendation ("Report") in which she recommended that the matter be summarily remanded to the Municipal Court for the town of Burnettown. According to the Magistrate Judge, Defendant did not meet the substantive requirements for removal pursuant to 28 U.S.C. § 1443. The Magistrate Judge further concluded that Defendant did not meet the procedural requirements of 28 U.S.C. § 1455(a) and (b)(1) because

Defendant did not file necessary state court documents nor did Defendant demonstrate that removal was timely.

Defendant timely filed her objections to the Report. ECF No. 9. Specifically, Defendant objects to the Magistrate Judge's recommendation that the matter be remanded because "remand based on subject matter jurisdiction is erroneous and contrary to 28 U.S.C. § 1455(a) which governs the notice of removal." *Id.* at 3. Defendant further objects to the Magistrate Judge's reliance on certain legal authority to support the Magistrate Judge's conclusion. *Id.* at 3–5. Defendant contends that she has shown the required basis of law to plead a claim under 28 U.S.C. § 1443. *Id.* at 3–4, 6–7. Lastly, Defendant objects to the caption, which identifies Sharon Bush Ellison as the "Defendant" and the State of South Carolina as "Plaintiff." *Id.* at 1. She asserts that she is the "Plaintiff."

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

In certain circumstances, a state criminal prosecution may be removed to federal district court pursuant to 28 U.S.C. § 1443. However, the court agrees with the Magistrate Judge's

determination that Defendant has not made a proper showing for removal under § 1443(1) or § 1443(2). The prerequisite to a removal of a pending criminal prosecution under 28 U.S.C. § 1443(1) is a showing that the defendant is being denied rights guaranteed under a federal law providing for specific civil rights stated in terms of *racial equality*. *South Carolina v. Moore*, 447 F.2d 1067, 1070 (4th Cir. 1971) (emphasis added). Here, Defendant has not alleged that she has been denied her civil rights in terms of racial equality. With regard to § 1443(2), the Supreme Court has stated that removal under 28 U.S.C. § 1443(2) is "available only to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966). Defendant does not allege that she is a federal officer, a person assisting a federal officer in the performance of his official duties, or a state officer. The court further agrees with the Magistrate Judge that Defendant has not met all of the procedural requirements of 28 U.S.C. § 1455.

The court concludes that the Magistrate Judge has properly applied the applicable law. Therefore, the court adopts the Magistrate Judge's recommendation to summarily remand this matter to the Municipal Court for the town of Burnettown, South Carolina.

**IT IS SO ORDERED.**

          /s/ Margaret B. Seymour
          The Hon. Margaret B. Seymour
          Senior United States District Court Judge

June 22, 2018
Columbia, South Carolina